IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF TEXAS,

DALLAS DIVISION

| | | |
|---|---|---|
| MARTIN MANUEL MORALES<br>Plaintiff, | § § § § § § | |
| v. | § § § § § § § | Civil Action No. _____ |
| MARTINOS, LLC<br>Defendant. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

NOW COMES, Martin Manuel Morales, and files this, his Plaintiff's Original Complaint.

### A. PARTIES

1. Plaintiff, Martin Manuel Morales, is an individual that is resident of the State of Texas.

2. Defendant, Martinos LLC, is a limited liability company incorporated under the laws of the State of Texas. Defendant has its principal place of business in the State of Texas. Defendant may be served by serving its registered agent, Fausto Martinez, at 619 Creekbend Court, Mesquite, Texas 75149.

### B. JURISDICTION AND VENUE

3. This Court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the Federal Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"). Venue is proper because a substantial part of

the events or omissions giving rise to the claim occurred in this District, and Defendant is subject to personal jurisdiction in Texas.

### D. CONDITIONS PRECEDENT

4. All conditions precedent have been performed or have occurred.

### E. FACTS

5. Plaintiff worked for Defendant in Dallas County as a cook, chef, and meal preparer.

6. Plaintiff is not exempt from the FLSA because she was paid on an hourly basis and should be compensated for appropriate wage/overtime.

7. Furthermore, cooks are not exempt under the 29 C.F.R. 541.3(e) salary basis exceptions.

8. During the last twenty years (20), the Plaintiff regularly worked 55-58 hours per workweek.

9. Plaintiff was paid an hourly rate of $9.47. Plaintiff's overtime rate is $14.21.

11. Defendant failed to pay Plaintiff one-and-one-half times her regular rate of pay for each hour worked over forty in a work week.

12. Defendant paid Plaintiff his regular rate for each hour worked over forty in a workweek instead of one-and-one half times his regular rate.

13. These practices violate the provisions of the federal Fair Labor Standards Act, 29 U.S.C. § 201 et seq.  As a result of these unlawful practices, Plaintiff suffered a loss of wages.

14. Defendants showed reckless disregard for the fact that their failure to pay Plaintiff appropriate overtime/minimum wage compensation was in violation of the law.

### CAUSE OF ACTION ONE — FAIR LABOR STANDARDS ACT: FAILURE TO PAY OVERTIME

15. Plaintiff repeats and re-alleges each and every allegation of Paragraphs 1-14 as if restated herein.

16. Defendant is an "employer" for purposes of the Fair Labor Standards Act, 29 U.S.C. §

203(d), because it is a dining establishment/restaurant. Defendant hires employees and compensates the employees on an hourly basis.

17. Plaintiff was an employee of Defendant for purposes of the Fair Labor Standards Act during times relevant to this Complaint.

18. Defendant failed to pay Plaintiff at the rate of one-and-a-half times their normal rate of pay in excess of forty (40) hours) per work week as required by section 7(a) of the FLSA, 29 U.S.C. § 207(a).

19. Plaintiff is entitled to back wages at the rate of one-and-a-half times their regular rate of pay for all overtime hours worked in excess of forty (40) hours per week, pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b).

20. Plaintiffs are entitled to an award of back pay at their regular hourly rate or their overtime rate, as appropriate, as appropriate compensation for all time spent in working for Defendant, which was wrongfully excluded by Defendant in calculating their compensable time.

21. The failure of Defendant to compensate Plaintiff for overtime work and regular work as required by the FLSA was knowing, willful, intentional, and done in bad faith.

22. Plaintiff is entitled to liquidated damages equal to the amount of overtime compensation and unpaid compensation due to them under the FLSA, pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b).

23. The work and pay records of Plaintiff in the possession, custody, and/or control of Defendant, and Defendant is under a duty pursuant to section 11(c) of the FLSA, 29 U.S.C. § 211(c), and pursuant to the regulations of the United States Department of Labor to maintain and preserve such payroll and other employment records from which the amount of Defendant's liability can be ascertained. Plaintiff requests an order of this Court requiring Defendant to

preserve such records during the pendency of this action.

24. Plaintiff is also entitled to an award of reasonable attorneys' fees and costs incurred in prosecuting this action, pursuant to 29 U.S.C. § 216(b).

## DAMAGES

25. As a direct and proximate result of Defendant's conduct, Plaintiff suffered the following injuries and damages.

26. Plaintiff suffered unpaid overtime in the amount of $16,965.00

27. Plaintiff suffered liquidated damages in the amount of $16,965.00

## ATTORNEY FEES & COSTS

28. Plaintiff is entitled to an award of attorney fees and costs under the FLSA, 29 U.S.C. §216(b).

## PRAYER

29. For these reasons, Plaintiff asks for judgment against Defendant for the following:

   a. Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable (minimum wage/overtime) rate for each hour worked over forty;

   b. Judgment against Defendant that their violations of the FLSA were willful;

   c. An equal amount to the wage damages as liquidated damages;

   d. To the extent that liquidated damages are not awarded, an award of prejudgment interest;

   e. All costs incurred and reasonable attorney's fees for prosecuting these claims;

   f. For such further relief as the Court deems just and equitable.

Respectfully submitted,

*MANEUL DIAZ LAW FIRM, P.C.*

By: */s/ Raul Ramires*
Raul Ramires
Texas Bar No. 24105970
8100 John W. Carpenter Fwy., Suite 200
Dallas, Texas 75247
E-mail: raulr@diazlf.com
Tel.: 214-800-2086
Fax: 972-330-2449
ATTORNEY IN CHARGE FOR PLAINTIFF, MARTIN MANUEL MORALES